UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KATHLEEN RAPAY,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.
d/b/a ROYAL CARIBBEAN GROUP,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, KATHLEEN RAPAY, is a citizen of North Carolina.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD. d/b/a ROYAL CARIBBEAN GROUP (hereinafter "RCCL"), is a foreign entity incorporated under the laws of Liberia.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f.  The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Independence of the Seas*.

6. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

7. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

8. At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of the *Independence of the Seas* ("the vessel").

9. On or about March 3, 2020, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

10. On or about March 3, 2020, while aboard the vessel, the Plaintiff slipped and fell on a wet and/or slippery floor on the pool deck, and suffered broken ankle.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

12. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

13. On or about March 3, 2020, the Plaintiff was on the pool deck aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

14. On or about March 3, 2020, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn the Plaintiff of the wet, dirty, and/or slippery condition of the subject area; and/or

   b. Failure to warn the Plaintiff of the risks and/or dangers associated with the wet, dirty, and/or slippery condition of the subject area, including but not limited to hazardous coefficiency of friction in light of the wet, dirty, and/or slippery condition of the flooring surface; and/or

   c. Failure place warning signs on or around the wet, and/or slippery areas on the deck; and/or

   d. Failure to instruct passengers and the Plaintiff concerning footwear; and/or

   e. Failure to warn passengers and the Plaintiff of other slip and fall accidents previously occurring in same area, same deck and/or same flooring surface.

15. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have walked on the wet and/or slippery floor had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

16. At all times material hereto, the surface of the subject area was wet, slippery, and unreasonably dangerous.

- 4 -

17. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.  Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

18. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

19. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

20. At all times material hereto, it was the duty of Defendant to maintain the pool deck in a reasonably safe condition.

21. On or about March 3, 2020, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

  a. Failure to regularly and adequately clean the subject area; and/or

  b. Failure to maintain the subject area in a clean and dry condition; and/or

  c. Failure to maintain the surface of the pool deck in a reasonably safe condition in light of the anticipated use of the area; and or

  d. Failure to adequately and regularly inspect the subject area for wet, dirty, and/or slippery conditions; and/or

  e. Failure to adequately and regularly monitor the subject area to maintain it free of wet, dirty, and/or slippery conditions; and/or

  f. Failure to maintain the surface of the pool deck in a reasonably safe condition if/when the floor became wet, or too slippery, including, but not limited to, closing off the areas that were dangerously slippery, placing signage to caution passengers of hazardous areas, and or directing passengers to safe areas during the process of clean up.

22. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the pool deck.

23. At all times material hereto, the surface of the pool deck was too wet, slippery, and unreasonably dangerous.

24. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through

Defendant's maintenance and/or inspections of the pool deck and/or through prior incidents involving passengers injured due to the wet floor on Defendant's vessels and/or other vessels reported within the cruise industry.

25. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

26. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

27. On or about March 3, 2020, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

    a. Failure to close off the wet, and/or slippery areas on the deck; and/or

    b. Failure to correct hazardous conditions following other slip and fall accidents on

      the same area, same deck and/or same flooring surface; and/or

c. Failure to utilize reasonably safe flooring surface in light of the anticipated purpose of the deck; and/or

d. Failure to have a non-slip or non-skid flooring surface on or around the subject area; and/or

e. Failure to place rubber mats or other non-slip coverings on or around the subject area; and/or

f. Failure to promulgate and/or enforce adequate procedures aboard the ship; and/or

g. Failure to have adequate staff monitoring areas of the ship; and/or

h. Failure to promulgate and/or enforce adequate procedures to keep the subject flooring area free of liquids and/or debris; and/or

i. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and the Plaintiff; and/or

j. Other acts identified through discovery.

28. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

29. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the pool deck and/or through prior incidents involving passengers injured due to the wet and slippery surface of the pool deck on Defendant's vessels and/or other vessels reported within the cruise industry.

- 8 -

30. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Michael A. Winkleman*
**MICHAEL A. WINKLEMAN**
mwinkleman@lipcon.com
Florida Bar No. 36719
**MARC E. WEINER**
Florida Bar No. 91699
mweiner@lipcon.com